## THOS. J. JOHNSON v. R. L. CABLE & SONS.

**Attachments — Affidavit — Grounds Set Forth in Verified Petition.**

When a plaintiff sets forth sufficient grounds of attachment in a verified petition it is not necessary to the validity of the attachment that the same facts should be stated and verified in a separate affidavit.

**Sufficient Grounds for Attachment.**

That the defendant had departed from this State with the intent to defraud his creditors and that he so concealed himself that a summons could not be executed on him are sufficient grounds for an attachment.

**Concealment — Intention.**

The concealment which would authorize an attachment involves the intention of the debtor to delay or prevent his creditors from enforcing their demands by avoiding the service of summons.

APPEAL FROM CALDWELL CIRCUIT COURT.

June 7, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

It is well settled that if the plaintiff in an action set forth and verify in his petition sufficient grounds of attachment against the defendant it is not essential to the validity of the attachment that the same facts should be stated and verified in a separate affidavit, as contemplated by the Civil Code.

There being no affidavit filed in this case, the attachment rests solely on the averments of the petition.

To bring this case within the provisions of the " Act to amend the Code of Practice in Civil Cases," approved December 23, 1861 (Myers Supplement, 38), it should be stated either, first, That the defendants or some of them were in *the service of the army of the so-called Confederate States* of America or some military body of men co-operating with said army or, second, That he or they had voluntarily left the county of his or their residence, had been absent therefrom for thirty days, *and during said period of time had been and continued voluntarily within the so-called Confederate States or their military lines,* or third, That he or they had voluntarily left the country of his or their residence for the purpose of

joining the army of said Confederate States, or some military body of men co-operating with said army, or for the purpose of entering the service, either civil or military, of said Confederate States, and *leaving for such purposes* or either of them, *had remained* absent from such county so that the ordinary process of law could not be served upon them for thirty days, and continued so absent.

It will be apparent by the bare statement of the allegations of the petition, as grounds of attachment, that none of the causes enumerated in said act are disclosed by the petition. Its averments on this subject are:

> " That T. J. Johnson has departed from this State with intent to defraud his creditors, and so conceals himself that a summons cannot be served upon him, and that he has been absent from this State over thirty days and is *now* within the military lines of the so-called Confederate States; and that said Johnson has been holding office under the Confederate government, and has been aiding and abetting the rebellion against the legal government in various ways, for the last four or five years."

Besides the want of any sufficient allegation to constitute a ground of attachment under either of the provisions of the act referred to, the evidence fails to disclose such a ground.

It is proven that Johnson on more than one occasion left this State and was within one of the so-styled Confederate States and within their military lines, and the evidence conduces to show that he did so voluntarily, but it does not appear, either that he was in the service of the army of said Confederate States, or any military body of men co-operating with said army, or that he had been, when the attachment was sent out, voluntarily absent from home, and within said Confederate States or their military lines for thirty days, or that he left the country of his residence for the purpose of joining the army of said Confederate States, or any military body of men co-operating with it, or for the purpose of entering the service, either civil or military, of said Confederate States.

The petition sufficiently states two distinct grounds of attachments according to the third and fifth subdivisions of the first division of section 221 of the Civil Code, viz.: First, " That Johnson had departed from this State with intent to defraud his cred-

itors," and second, "That he so concealed himself that a summons could not be served upon him." But there is no sufficient evidence of the alleged fraudulent intent. The vague declaration of the appellant in reference to his leaving his home, received in connection with the other facts and circumstances, tends to show an apprehension as to his personal safety rather than a fraudulent design. Nor does the proof define his temporary absence from his home as a concealment of himself within the meaning of the provision of the Code referred to. It was held by this Court in Dunn, etc. v. Salter, etc., 1 Duvall, 345, that the concealment which would authorize an attachment under said provision of the Code "involves an intention on the part of the debtor to delay or to prevent his creditors from enforcing their demands in the ordinary modes prescribed by law by avoiding the service of their summonses."

We think the evidence fails to show that the appellant was controlled or actuated by any such intention.

If we should be mistaken in our construction of the petition, and our conclusion from the evidence, there is still so far as appears from the record another objection which is fatal to the attachment and judgment sustaining it. The petition does not appear to have been verified by any affidavit. The attachment was not authorized, therefore, upon any statement made in the petition.

Wherefore, the judgment sustaining the attachment is reversed, and the cause remanded with directions to discharge the same at the costs of the plaintiffs in the court below.